IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LIONEL NEWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| WAL-MART STORES EAST, | ) | |
| L.P. and ANDREW MCCAULEY | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COMES NOW Wal-Mart Stores East, L.P., Defendant in the above action, by and through counsel of record, and within the time prescribed by law, and files this Notice of Removal in the United States District Court for the Middle District of Georgia, Valdosta Division, and invokes this Court's jurisdiction over this matter, showing the Court as follows:

1.

Plaintiff initiated this personal injury action on or about June 10, 2015 against Wal-Mart Stores, Inc., an incorrect corporate entity, by filing the original Summons and Complaint ("Plaintiff's Complaint") in the State Court of Tift County, Georgia (Civil Action File No. 2015CT051). (Exhibit "A-1", Summons and Complaint for Damages).

2.

Plaintiff's Complaint was served on Wal-Mart Stores, Inc. on or about June 23, 2015.  (Exhibit "A-2", Service of Process Transmittal).

3.

Plaintiff's Complaint alleges that Wal-Mart Stores, Inc. negligently maintained the premises of Wal-Mart Store No. 1072 located at 1830 Highway 82 West, Tifton, Georgia (the "Tifton Store") and that, as a result, Plaintiff was injured in a slip and fall accident.  (Exhibit "A-1", Summons and Complaint for Damages, Paras. 5-14).

4.

Wal-Mart Stores, Inc. timely filed an Answer to the Complaint on July 20, 2015, raising as its First Defense the assertion that it is not a proper party in the matter, and that Wal-Mart Stores East, L.P. is the business entity involved in the day-to-day operation of the Wal-Mart store at issue and would be the potentially proper defendant in this matter.  (Exhibit "A-3", Wal-Mart Stores, Inc.'s Answer and Defenses to Plaintiff's Complaint, Page 1, First Defense).

5.

On July 30, 2015, Plaintiff amended his Complaint, substituting Wal-Mart Stores East, L.P. as the Defendant.  (Exhibit "A-4", Summons and First Amended

Complaint for Damages).   Plaintiff's Amended Complaint alleges that Wal-Mart Stores East, L.P.  negligently maintained the premises of Wal-Mart Store No. 1072 located at 1830 Highway 82 West, Tifton, Georgia (the "Tifton Store") and that as a result, Plaintiff was injured in a slip and fall accident.

6.

Wal-Mart Stores East, L.P. was properly served with Plaintiff's Amended Complaint on August 19, 2015.  (Exhibit "A-5", Service of Process Transmittal).

7.

Both Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. are Delaware entities, with primary business offices in Arkansas, and are not, and were not, citizens of the State of Georgia or Florida at the time of, or immediately prior to, the filing and service of said lawsuit, or at any time thereafter.  (See Exhibit "B").

8.

While Plaintiff's Complaint fails to identify the state of Plaintiff's residency, upon information and belief, Plaintiff is a citizen and resident of Fort Lauderdale, Florida.  (See Exhibit "C").

9.

On July 28, 2015, counsel for Defendants notified counsel for Plaintiff that she was considering removing the case to Federal Court, given the diversity of the

parties.  Given uncertainty regarding Plaintiff's significant alleged damages, counsel for Defendants asked counsel for Plaintiff to stipulate that Plaintiff would not seek damages in this case in excess of $75,000.00.  (Exhibit "F", Certificate of Counsel for Removal, Para.1).  Plaintiff's counsel responded on that date that she would consult her client and provide a response as soon as possible.  (Exhibit "F", Certificate of Counsel for Removal, Para.1).

10.

However, Plaintiff's counsel did not reply nor did she return any of counsel's calls regarding this matter.  (Exhibit "F", Certificate of Counsel for Removal, Para. 2).   Instead, Plaintiff simply filed an Amended Complaint, improperly adding a store manager purportedly named "Andrew McCauley" as a new defendant in this case.  Plaintiff did not seek the requisite leave of Court as required by O.C.G.A. §9-11-21.

11.

The Amended Complaint for Damages was not served on counsel for Wal-Mart and contains no certificate of service as required by O.C.G.A. §9-11-5. (Exhibit "A-4", First Amended Complaint for Damages; Exhibit "F", Certificate of Counsel for Removal, Para. 2. )

12.

Attached as Exhibit "G" is a printout of the docket sheet for this case from Tift County State Court.  The docket shows that before filing the Amended Complaint adding "Andrew McCauley", Plaintiff did not file a Motion to Add a Party as required by O.C.G.A. §9-11-21.

13.

The Amended Complaint alleges that "Andrew McCauley" was the manager of the Tifton Store, that he "acted as an employee" of Wal-Mart Stores East, L.P. within the scope of his authority as an agent and employee, and that he is personally liable for the injuries sustained by Plaintiff.  (Exhibit "A-4", Plaintiff's Amended Complaint, Para. 3).

14.

On August 13, 2015, a copy of the Amended Complaint directed to "Andrew McCauley" was served on Eliana McAplin, an employee of Wal-Mart.  (Exhibit "A-6 & A-7", Summons to McCauley, Amended Complaint and Sheriff's Return of Service).

15.

The Tifton Store manager is <u>Alonzo McCauley</u>, not "Andrew McCauley".

(Exhibit "D", McCauley Affidavit, Para. 2).  Alonzo McCauley is a resident of the State of Georgia.  (Exhibit "D", McCauley Affidavit, Para. 1).  The Tifton Store does not, and has never, employed anyone named "Andrew McCauley".  (Exhibit "D", McCauley Affidavit, Para. 2).

16.

Tifton Store Manager Alonzo McCauley has never personally served with the Amended Complaint or with any other pleadings in this case.  (Exhibit "D", McCauley Affidavit, Para. 4).

17.

Plaintiff's Amended Complaint alleges that Plaintiff slipped and fell in the Tifton Store on June 29, 2013.  (Exhibit "A-4", Plaintiff's Amended Complaint, Para. 7).  June 29, 2013 was a Saturday.  (Exhibit "E", June 2013 calendar).

18.

Alonzo McCauley was not working at the Tifton Store on June 29, 2013. This was his day off.  (Exhibit "D", McCauley Affidavit, Para. 3).  The senior management employee on duty that day would have been one of the co-managers or assistant managers of the Store.  (Exhibit "D", McCauley Affidavit, Para. 3).

19.

Plaintiff has improperly and/or fraudulently attempted to join Tifton Store Manager Alonzo McCauley in this action in a failed attempt to avoid diversity jurisdiction.  However as noted in paragraphs 7, 8 and 14 herein, Plaintiff is a citizen of the State of Florida, Wal-Mart Stores East, L.P. is a Delaware limited partnership, and McCauley is a citizen of the State of Georgia.

20.

Furthermore, even if Plaintiff alleges that he is a citizen of Georgia, complete diversity of citizenship exists between Plaintiff and the only properly named Defendant (Wal-Mart Stores East, L.P.).

21.

Plaintiff's Complaint shows that Plaintiff has no possibility of recovery against Alonzo McCauley.  *Carriere v. Sears, Roebuck & Co.,* 893 F. 2d 98 (1990).

22.

The Affidavit of Alonzo McCauley shows that he was not at work at the Tifton Store on the date of Plaintiff's fall.  (Exhibit "D", McCauley Affidavit, Para. 3).  McCauley's affidavit also establishes:

- The daily operation of the store is managed by Wal-Mart Stores East, L.P., and is carried out by over 300 managers, assistant managers, and employees. (Exhibit "D", McCauley Affidavit, Para. 5);

- As store manager, McCauley does not set policies and procedures for the stores. All policies and procedures are set by Wal-Mart Stores East, L.P. and are carried out by the employees of the store. Written policies and procedures are provided to the stores by Wal-Mart Stores East, L.P. (Exhibit "D", McCauley Affidavit, Para. 6);

- As manager, McCauley does not have the right to arbitrarily admit or exclude customers from the store. The store is open to the general public and McCauley has never made any decisions as to who should be admitted or excluded. (Exhibit "D", McCauley Affidavit, Para. 7);

- As manager, McCauley does not have the sole responsibility of maintaining and repairing the premises. Under the policies and procedures set forth by Wal-Mart Stores East, L.P., all employees are instructed to be vigilant for hazards existing on the property and to take steps to correct them. This is not a responsibility that is limited to managers. (Exhibit "D", McCauley Affidavit, Para. 8);

- McCauley does not personally pay the bills, taxes, or wages of the store employees. All such operations were handled by Wal-Mart Stores East, L.P. (Exhibit "D", McCauley Affidavit, Para. 9);

- As manager, McCauley was not a party to any lease entered into by Wal-Mart Stores East, L.P., and had never seen or reviewed any such lease. (Exhibit "D", McCauley Affidavit, Para. 10); and,

- As manager of the store, McCauley is only one of over 300 employees who carry out the policies and procedures set by Wal-Mart Stores East, L.P. (Exhibit "D", McCauley Affidavit, Para. 11).

23.

Removal is appropriate pursuant to 28 U.S.C. § 1441 because (1) Plaintiff is a citizen of Florida, McCauley is a citizen of Georgia, and Wal-Mart Stores East, L.P. is a Delaware Limited Partnership; and (2) even if Plaintiff is a citizen of the State of Georgia, as of the date of this Notice, Alonzo McCauley has not been correctly identified as a Defendant in this action, nor has he been personally served with process in this case. Alonzo McCauley was not working on the day of Plaintiff's accident and was not present in the store. Further, Plaintiff has alleged no claim against McCauley which would give rise to any possibility of recovery

against him. Finally, Plaintiff did not seek leave of Court to add Alonzo McCauley as a Defendant as required by O.C.G.A. §9-11-21.

24.

Plaintiff's attempt join McCauley is a sham precipitated by Defendants' counsel's notice that the case may be removed.  Inasmuch as there is still diversity of jurisdiction between the parties, Plaintiff's fraudulent joinder should be disregarded by this Court.

25.

With respect to removal on the basis of diversity jurisdiction, this removal is timely because it has been filed within thirty (30) days after receipt by Defendant Wal-Mart Stores East, L.P. of a copy of the pleadings setting forth the claim for relief upon which such action or proceeding is based.

26.

Paragraph 16 of Plaintiff's Amended Complaint alleges that Plaintiff has incurred in excess of $130,000.00 in medical expenses to date and will incur future medical expenses.  (Exhibit "A-4", Plaintiff's Amended Complaint, Para. 16). Therefore, the amount in controversy, exclusive of interest and costs, between Plaintiff and Defendants, exceeds the sum of $75,000.00.

27.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 (a) and 1441 because complete diversity exists between the parties to this action and the amount in controversy exceeds $75,000.00.

28.

Pursuant to the provisions of 28 U.S.C. §§1446, Defendant attaches hereto as Composite Exhibit "A", copies of all pleadings and orders served upon Defendants, including copies of all pleadings filed to date in the State Court of Tift County Georgia for the above-styled case.

29.

Pursuant to 28 U.S.C. § 1447 Defendant is not required to file a removal bond.

30.

By service of a copy of this Notice of Removal as evidenced by the Certificate of Service attached, Defendant hereby gives notice of such removal to Plaintiff as required by 28 U.S.C. § 1446.

31.

A true and correct copy of this Notice of Removal will be filed with the Clerk of State Court of Tift County, Georgia as required by 28 U.S.C. §1446.

-11-

**Wherefore**, Defendant prays that the above captioned lawsuit be removed to the United States District Court for the Middle District of Georgia, Valdosta Division, that this Court take cognizance and jurisdiction over this claim from the State Court of Lowndes County, Georgia, and that this action shall proceed as removed and under this Court's jurisdiction under 28 U.S.C. 1332.

Respectfully submitted, this 28th day of August, 2015.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Michael L. Miller*
Hall F. McKinley
Georgia Bar No. 495512
Michael L. Miller
Georgia Bar No. 508011
Leslie P. Becknell
Georgia Bar No. 046320
Attorneys for Defendants

880 West Peachtree Street
Atlanta, GA 30309
404-885-1400
404-876-0992 (fax)
Hmckinley@deflaw.com
Mmiller@deflaw.com
Lbecknell@deflaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day forwarded, via United States Mail, postage prepaid, and with the Court's CM/ECF system, as prescribed by the Court, which will automatically send electronic notification of same to following counsel of record a true and correct copy of the foregoing *Notice of Removal* to the following counsel of record, addressed as follows:

Tabitha Ponder-Solomon
1401 Peachtree Street, Suite 500
Atlanta, Georgia  30309

This 28th day of August, 2015.

DREW, ECKL & FARNHAM, LLP

/s/    *Leslie P. Becknell*
Leslie P. Becknell
Georgia Bar No. 046320
Attorneys for Defendants

880 West Peachtree Street
Atlanta, Georgia  30309
(404) 885-1400