IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

LIONEL NEWMAN,

      Plaintiff,

v.                                                                Civil Action No. 7:15-CV-165 (HL)

WAL-MART STORES EAST, L.P.,
and ANDREW MCCAULEY,

      Defendants.

## ORDER

Before the Court is Plaintiff's Motion to Remand.  (Doc. 7).  Plaintiff contends that the Court lacks subject matter jurisdiction over Plaintiff's claims, which were removed to federal court on the basis of diversity jurisdiction.  Plaintiff argues that the Court must remand this case to the State Court of Tift County because: (1) Defendant Wal-Mart Stores East, L.P. failed to timely remove this case to federal court; and (2) even if timely removed, co-Defendant Andrew McCauley is a forum defendant whose presence in the suit prevents removal of the action.  For the reasons discussed herein, Plaintiff's Motion to Remand is denied.

## I.  FACTUAL BACKGROUND

Plaintiff, a Florida citizen and resident, filed this lawsuit in the State Court of Tift County on June 10, 2015, following a slip and fall incident at the Tifton Wal-Mart.  Plaintiff's Complaint was served on Wal-Mart Stores, Inc. on June 23,

2015.  Wal-Mart Stores, Inc. timely filed an Answer to the Complaint on July 20, 2015, stating that it is not a proper party in the matter.  In its Answer, Wal-Mart Stores, Inc. noted that Wal-Mart Stores East, L.P. is the business entity involved in the day-to-day operation of the Tifton Wal-Mart and would potentially be the proper defendant in this matter.  Wal-Mart Stores, Inc. is a Delaware corporation and is a separate business entity from Wal-Mart Stores East, L.P., which is a Delaware limited partnership.  (Doc. 1-2).

Plaintiff subsequently filed an Amended Complaint, which named Wal-Mart Stores East, L.P. as a defendant instead of Wal-Mart Stores, Inc. and added Defendant Andrew McCauley.  Wal-Mart Stores East, L.P. was served with Plaintiff's Amended Complaint on August 19, 2015.  Nine days later, on August 28, 2015, Wal-Mart Stores East, L.P. filed its Notice of Removal from the State Court of Tift County.  (Doc. 1).

Plaintiff filed this Motion to Remand on September 28, 2015.  (Doc. 7). Plaintiff contends that removal was improper for two reasons: (1) Defendant Wal-Mart Stores East, L.P. did not file a timely Notice of Removal and (2) Defendant Andrew McCauley is a Georgia citizen, making removal of the action from the State Court of Tift County inappropriate.  In response, Wal-Mart Stores East, L.P. argues that: (1) the Notice of Removal was timely filed, only nine days after Wal-Mart Stores East, L.P. was served with formal process and (2) there is no "Andrew McCauley" involved in this case.

With respect to Andrew McCauley, Defendant Wal-Mart Stores East, L.P. believes Plaintiff intended to name a store manager of the Tifton Wal-Mart, Alonzo McCauley, in the Amended Complaint.[1]  Alonzo McCauley has neither been identified as a Defendant, nor has he been personally served with the Summons and Complaint.  Further, Defendant avers that, if Alonzo McCauley was properly joined, this would constitute fraudulent joinder.  Therefore, Defendant suggests that Alonzo McCauley should be disregarded for purposes of removal.

## II.  ANALYSIS

An analysis of the applicable facts and law leads the Court to conclude that Defendant Wal-Mart Stores East, L.P. timely filed its Notice of Removal and Alonzo McCauley has not been properly joined and served.  Further, if Mr. McCauley had been properly joined, this would constitute fraudulent joinder and would bar any consideration of Mr. McCauley in determining whether the Court has subject matter jurisdiction over Plaintiff's claims.

---

[1] Plaintiff has not clarified whether he intended to name and serve Alonzo McCauley, as opposed to Andrew McCauley, as a defendant in this case. However, in the Amended Complaint (Doc. 1-1, p. 23–26) and in his Reply to Defendant's Brief in Opposition to Remand (Doc. 12), Plaintiff refers to Defendant McCauley as a store manager.  Further, there is nothing in the record that would lead the Court to believe there is another store manager with the surname McCauley.  Accordingly, the Court assumes for purposes of this Motion to Remand that Plaintiff intended to name Alonzo McCauley, not Andrew McCauley, as a defendant in the Amended Complaint.

### A.     Wal-Mart Stores East, L.P. timely filed its Notice of Removal.

In his Motion, Plaintiff argues that Wal-Mart Stores East, L.P. "untimely removed said case to this Court . . . claiming diversity jurisdiction pursuant to 28 U.S.C. §§ [sic] 1332(a) . . . ."  (Doc. 7, p. 1).  Specifically, Plaintiff alleges that:

> [T]he Defendants first learned of the pending lawsuit on June 23, 2015, which is the date they accepted Service of same.  However, the Defendants did not file Notice of Removal in this Court until more than 60 days after service, as their Notice of [R]emoval wasn't filed until August 28, 2015.

(Doc. 7, p. 3–4) (internal citation omitted).

A defendant may remove any civil action brought in a State court of which the district courts of the United States have original jurisdiction.  28 U.S.C. § 1441.  In order to remove an action to federal court, a notice of removal must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based.  28 U.S.C. § 1446.  When different defendants are served with process at different times, the Eleventh Circuit Court of Appeals has outlined the following procedure for removal:

> An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.  Thus, a defendant is required to take action as a defendant – that is, bound by the thirty-day limit on removal – only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend . . . The tide of recent decisions by the courts of appeals, as well as the majority of the district courts in this Circuit, recognize that equity favors permitting each defendant thirty days in which to seek removal under the statute . . . We hereby adopt the last-served defendant rule, which permits each defendant,

upon formal service of process, thirty days to file a notice of removal
pursuant to § 1446(b).

Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1208–09 (11th Cir. 2008)
(internal quotation marks omitted).  The Eleventh Circuit allows each Defendant,
upon formal service of process, thirty days in which to file its notice of removal.

Here, Defendant Wal-Mart Stores East, L.P. was formally served with
process on August 19, 2015. (Doc. 1-1, p. 21).  Nine days later, on August 28,
2015, Wal-Mart Stores East, L.P. filed its Notice of Removal.  (Doc. 1).  The
Notice of Removal was filed well within the thirty-day window during which Wal-
Mart Stores East, L.P. was entitled to file.

Plaintiff attempts to combat what appears to be timely removal by
asserting that Wal-Mart Stores East, L.P. was required to file its Notice of
Removal no later than 30 days after June 23, 2015, the day Wal-Mart Stores, Inc.
was served with the initial Complaint.  Plaintiff states the following in support of
his argument: (1) the Amended Complaint was filed in order to "correct the
spelling" of Wal-Mart Stores, Inc., rather than to replace the entity with Wal-Mart
Stores East, L.P.; and (2) Defendant Wal-Mart Stores East, L.P. first learned of
this lawsuit the day the initial Complaint was filed, "the date they accepted
service of same."  (Doc. 12, p. 1.).

The underlying assumption in Plaintiff's argument is that Wal-Mart Stores
East, L.P. and Wal-Mart Stores, Inc. are the same entity. In his Reply to
Defendant's Brief in Opposition to Remand (Doc. 12), Plaintiff supports his

position that Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. are the same entity by stating that: (1) Wal-Mart Stores East, L.P. "held itself out as being one in the same with" Wal-Mart Stores, Inc. during settlement negotiations; and (2) both entities have identical principal office addresses and registered agents. These assertions, even if true, are irrelevant to whether the Notice of Removal was timely filed.   The fact remains that Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. are separate entities, and Wal-Mart Stores East, L.P. was not properly served until August 19, 2015.

In fact, Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. are separate and distinct entities, according to filings made with the Corporations division of the Georgia Secretary of State.  (Doc. 1-2).  Contrary to Plaintiff's argument in his Reply to Defendant's Brief in Opposition to Remand, it appears that Plaintiff was aware that the entities were separate.  Instead of serving Wal-Mart Stores, Inc.'s attorney with the Amended Complaint by certificate of service, pursuant to O.C.G.A. § 9-11-5(b), Plaintiff had the sheriff serve Wal-Mart Stores East, L.P.'s registered agent, pursuant to O.C.G.A. § 9-11-4.  (Doc. 1-1, p. 21).  Section 9-11-5(b) outlines the procedure for serving amended pleadings on parties already represented by an attorney in the suit, whereas § 9-11-4 applies to service made upon parties not yet represented in the action.  Plaintiff's decision to serve Wal-Mart Stores East, L.P.'s registered agent pursuant to O.C.G.A. § 9-11-4 reflects Plaintiff's understanding that the two were separate entities, that Wal-Mart Stores, Inc.'s attorney was not Wal-Mart Stores East, L.P.'s attorney, and that

6

service on Wal-Mart Stores East, L.P.'s registered agent was required after the changes made in the Amended Complaint.

The Court finds that Wal-Mart Stores East, L.P. was first served with process on August 19, 2015, and had 30 days from that date to file its Notice of Removal.  Therefore, Wal-Mart stores East, L.P.'s August 28, 2015 filing of its Notice of Removal was timely.  Plaintiff's request to remand for failure to timely remove is denied.

**B.    Defendant Alonzo McCauley was not properly joined and served in this case, and is therefore not relevant to the determination of whether removal was proper.**

In its Amended Complaint, Plaintiff named "Andrew McCauley" as a defendant.  As discussed *supra*, page 3, the Court assumes that Plaintiff intended to name Alonzo McCauley, who is one of the managers at the Tifton Wal-Mart.  Plaintiff asserts that, because Mr. McCauley is a resident of Georgia, this action cannot be removed pursuant to 28 U.S.C. § 1332(a).

The relevant statute declares that a civil action that is removable solely on the basis of diversity jurisdiction, as is this case, "may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought."   28 U.S.C. § 1441(b)(2) (emphasis added).  In order to properly join and serve Mr. McCauley, Plaintiff was required to timely and personally serve Mr. McCauley:

> Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows: . . . (7) In all other cases to the defendant personally, or by leaving copies thereof at the defendant's

7

dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

O.C.G.A. § 9-11-4.

Here, Mr. McCauley has not been properly joined and served. Mr. McCauley provided a sworn affidavit stating that he has not been personally served with a summons or complaint in this case. (Doc. 9-1). Further, Plaintiff's attempt to serve Mr. McCauley was improper. Plaintiff served Eliana McAplin, a Wal-Mart associate at the Tifton Wal-Mart store, instead of Andrew McCauley, who was listed as the party to be served. (Doc. 1-1, p. 27). Alonzo McCauley has never been personally served in this case, and at this point, has not been named as a party to this case. Accordingly, Plaintiff's request to remand pursuant to 28 U.S.C. § 1441(b)(2) fails.

**C.    Had Defendant Alonzo McCauley been properly joined and served, this would constitute fraudulent joinder and would not defeat the Court's subject matter jurisdiction over Plaintiff's claims.**

The Court further finds that, even if Plaintiff had properly served Alonzo McCauley, inclusion of Mr. McCauley would constitute fraudulent joinder and would not defeat the Court's diversity jurisdiction over this action.

Fraudulent joinder is, "a judicially created doctrine that provides an exception to the requirement of complete diversity." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Fraudulent joinder arises under three circumstances: (1) where there is no possibility that the plaintiff can

8

prove a cause of action against the resident (non-diverse) defendant; (2) where there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.  Id.  If the dispute concerns the plausibility of proving a cause of action against the resident defendant, the Court must find that joinder was proper and remand to state court if there is "*even a possibility* that a state court would find that the complaint states a cause of action" against the resident defendant. Id. (emphasis in original).

"The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties*." Legg v. Wyeth, 428 F.3d 1317, 1322 (11th Cir. 2005) (internal quotation marks omitted) (emphasis in original).  The standard appropriate for resolving a claim of fraudulent joinder is similar to the standard used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b).  Id. at 1322–23.  The Court must "resolve all questions of fact . . . in favor of the plaintiff."  Id. at 1323 (internal quotation marks omitted).

In this case, Defendant Wal-Mart Stores East, L.P. argues that Alonzo McCauley was not working on the day of Plaintiff's alleged injury, and thus cannot be liable.  Further, according to Wal-Mart Stores East, L.P., Alonzo

McCauley was not the owner or occupier of the store and therefore is not liable to Plaintiff.  In response, Plaintiff, without citing any authority or support, asserts that: (1) Mr. McCauley "can be held liable as he was the manager of the store in question on the date of the accident," (Doc. 12, p. 2); and (2) "the law requires a duty of care for retailers, and managers may be vicariously liable under the doctrine of respondeat superior" (Doc. 12, p. 3).

The Court finds that Plaintiff's first allegation, that Mr. McCauley was the manager of the store on the date in question, is inaccurate.  Although the Court must resolve questions of fact in favor of the Plaintiff, the Court must also consider any affidavits submitted in resolving questions of fact.  Considering the Plaintiff's pleadings and the affidavits submitted by the parties, it appears that Mr. McCauley was not on duty on the date Plaintiff claims he was injured.  Mr. McCauley has submitted a sworn affidavit, in which he states that he did not work on June 29, 2013.  (Doc. 1-4).  He notes that June 29, 2013 was a Saturday, and he does not work on Saturdays.  Instead, he states that one of his co-managers or assistant managers would have been the senior management employee on the date of Plaintiff's accident.  In response to Mr. McCauley's affidavit, Plaintiff has done nothing to support his bare allegation that Mr. McCauley was the manager that day.  When statements made in Wal-Mart Stores East, L.P.'s Affidavit are undisputed by Plaintiff, the Court cannot then resolve the facts in Plaintiff's favor based solely on the unsupported allegations in Plaintiff's Complaint. Legg v. Wyeth, 428 F.3d at 1323.  The Court finds that Mr. McCauley

10

was not the on-duty manager on June 29, 2013.  Accordingly, Mr. McCauley cannot be held liable as the on-duty manager under any legal theory.

Plaintiff also argues that Mr. McCauley can be held liable under a theory of respondeat superior because he is a manager of a retail store, and retail stores owe special duties to customers.  Georgia law in this area is unclear, and other federal district courts have wrestled with the uncertainty of whether store managers can be held liable based on their individual failure to exercise reasonable care to keep the premises safe for customers.  Hambrick v. Wal-Mart Stores East, L.P., No. 4:14-CV-66, 2014 WL 1921341, at *3–4 (M.D. Ga. May 14, 2014).  Georgia law is clear, however, that a store manager is not liable when he or she is not a party to the tort.  See, e.g., Poll v. Deli Mgmt., Inc., No. 1:07-CV-0959, 2007 WL 2460769, at *6 (N.D. Ga. Aug. 24, 2007).  Mr. McCauley was not present on the day that Plaintiff's accident occurred, and was therefore not a party to the tort alleged in this case.  Mr. McCauley is not liable to Plaintiff on the theory of respondeat superior.

If Alonzo McCauley had been properly joined and served, this would have constituted fraudulent joinder.  Mr. McCauley was not on duty when Plaintiff's injury occurred and was not a party to the tort alleged in this case.  As a result, Mr. McCauley's status as a Georgia resident does not defeat the Court's subject matter jurisdiction over Plaintiff's claims.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 7) is

DENIED.

**SO ORDERED**, this the 17th day of November, 2015.


*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

les