**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**LIONEL NEWMAN,**

        Plaintiff,

v.                                  Civil Action No. 7:15-CV-165

**WAL-MART STORES EAST, L.P.**
**and ANDREW MCCAULEY,**

        Defendants.

## ORDER

This case is before the Court on Defendants' Motion for Summary Judgment (Doc. 17) and Plaintiff's Motion to Strike (Doc. 22).  After reviewing the pleadings, affidavits, depositions, and other evidentiary materials presented, the Court grants in part and denies in part Defendants' Motion for Summary Judgment and denies Plaintiff's Motion to Strike.

## I.    LOCAL RULE 56

Before moving to the merits of the pending motions, the Court must address Plaintiff's failure to comply with Local Rule 56.  The rule requires that a movant for summary judgment include with its motion and memorandum of law a separate, concise, numbered statement of the material facts as to which it contends there is no genuine issue to be tried.  M.D. Ga. L.R. 56.  The non-movant must then respond to the statement of material facts by objecting to,

admitting, or specifically refuting each fact.  <u>Id.</u>  Pursuant to this rule, a non-movant's failure to refute the statement of material facts in this manner will result in the Court's deeming each of the movant's facts admitted, "unless otherwise inappropriate."  <u>Id.</u>

Here, in responding to the Motion for Summary Judgment, Plaintiff failed to respond to Defendants' statement of undisputed material facts, instead filing his own separate statement of material disputed facts.  (Doc. 19, pp. 17–19).  The facts included in Plaintiff's statement were not supported by citations to the record.  In their Reply Brief (Doc. 20) and Response to Plaintiff's Rule 6.5 Statement of Material Facts (Doc. 21), Defendants argue that their statement of facts should be deemed admitted because Plaintiff failed to comply with Local Rule 56.

Local Rule 56 is intended to instruct the parties on how best to assist the Court in identifying genuine material facts which are in dispute.  In the Eleventh Circuit, local rules are binding on the parties, but the enforcement of these rules must be "tempered with due consideration of the circumstances."  <u>Cohen v. Carnival Cruise Lines, Inc.</u>, 782 F.2d 923, 924 (11th Cir. 1986).  Here, the Court finds that the materials presented by the parties provide a sufficiently developed record for the adjudication of Defendants' motion for summary judgment, especially when considering that facts and reasonable inferences must be construed in favor of the non-moving party.  Accordingly, the Court will consider

Plaintiff's Rule 6.5 Statement of Material Facts in ruling on Defendants' Motion for Summary Judgment.

## II.   MOTION TO STRIKE

Plaintiff moves to strike Defendants' Response to Plaintiff's Rule 6.5 Statement of Facts, arguing that the response: (1) was untimely filed; (2) is not a pleading contemplated by the local rules; and (3) is essentially an attempt to file a second reply brief.  (Doc. 22, ¶¶ 1–3).

A motion to strike is governed by Rule 12(f) of the Federal Rules of Civil Procedure, which states, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Pursuant to Rule 7(a) of the Federal Rules of Civil Procedure, "pleading" is a term of art that is limited to: a complaint; a third-party complaint; an answer to a complaint, counterclaim, crossclaim, or a third party complaint; and, if one is ordered by the Court, a reply to an answer.  Fed. R. Civ. P. 7(a)(1)-(7).  Defendants' Response to Plaintiff's Rule 6.5 Statement of Facts is not a pleading and, therefore, is not subject to a motion to strike.  See Santana v. RCSH Operations, LLC, No. 10-61376-CIV, 2011 WL 690174, at *1 (S.D. Fla. Feb. 18, 2011) ("Accordingly, numerous courts in the Eleventh Circuit and elsewhere have held that a motion to strike filings (in whole or in part) that are not pleadings (as defined by Rule 7(a)) is improper.").  Therefore, on this basis alone, Plaintiff's motion to strike is improper.

3

Even if the Court was to consider the merits of Plaintiff's motion to strike, it would be denied.   As the Court previously explained, Plaintiff's Rule 6.5 Statement of Material Facts was filed in contravention of the local rules.   In an "abundance of caution," Defendants filed a response to Plaintiff's Rule 6.5 Statement of Material Facts, denying each of the facts recited by Plaintiff and explaining the reasons for doing so.   (Doc. 21).   Upon consideration of the circumstances, the Court concludes that Defendants' Response to Plaintiff's Rule 6.5 Statement of Material Facts should be considered, and Plaintiff's Motion to Strike (Doc. 22) is **DENIED**.

## III.   FACTUAL BACKGROUND

At 1:10 p.m. on June, 29, 2013, Plaintiff Lionel Newman entered the Wal-Mart in Tifton, Georgia for the purpose of adding money to his debit card.   (Dep. of Lionel Newman, pp. 24, 33, 37).   As Plaintiff was exiting the store at 1:12 p.m., he slipped and fell, injuring himself.   (Mot. for Summ. Judg., Exh. A; Dep. of Lionel Newman, p. 30).   Plaintiff believes that he slipped as a result of water that was on the floor near the exit.   (Dep. of Lionel Newman, p. 45).   Although Plaintiff did not see any water on the ground before he fell, he noticed a long streak of water in the spot where he fell after he stood up.   (Dep. of Lionel Newman, pp. 43, 45).   Plaintiff does not know where the water came from but acknowledges that there was an ice machine in the vicinity of the exit.   (Dep. of Lionel Newman, pp. 39, 44).   As he was exiting, Plaintiff noticed that some ice cubes had spilled

onto the rug in front of the ice machine, but he avoided that area as he made his way toward the store's exit.  (Dep. of Lionel Newman, p. 39).

At the time of Plaintiff's fall, Agnes Walker was the Store Greeter on duty working in the vestibule of the store that covered the entry and exit.  (Walker Aff., ¶ 2).  As a part of Ms. Walker's job, she monitored for spills or other hazards on the floor and either removed them immediately or placed warning cones in the area until the hazard could be removed.  (Walker Aff., ¶ 5).  Wal-Mart trained Ms. Walker to "zone" her area regularly, which entailed inspecting her work area to be sure there were no spills or hazards that might cause someone to trip and fall. (Walker Aff., ¶ 4).  In addition to zoning, Ms. Walker was trained to conduct safety sweeps of her area throughout her shift, in which she ensured that her area was clean and safe.  (Walker Aff., ¶ 4).

At 12:45 p.m. on the day of Plaintiff's fall, Ms. Walker walked through the area where Plaintiff later fell.  (Walker Aff., ¶ 7, Exh. B).  She insists that she checked the floor at that time and it was clean and dry.  (Walker Aff., ¶ 7).  At 1:08 p.m., Ms. Walker was standing near the area where Plaintiff fell and claims that the floor was clean and dry.  (Walker Aff., ¶ 8).  Ms. Walker was not aware of any water on the floor until after Plaintiff slipped and fell.  (Walker Aff., ¶ 9).  She does not know where the water came from and does not believe that the water was present when she "checked the floor a few minutes before the incident." (Walker Aff., ¶ 9).  She notes in her Affidavit that the security video shows

several people walking in and out of the store through the area where Plaintiff fell between 1:08 p.m. and 1:12 p.m.  (Walker Aff., ¶ 9).

Defendants Wal-Mart Stores East, L.P. ("Wal-Mart") and Andrew McCauley now move for summary judgment, arguing that there are no material facts in dispute, that Wal-Mart had a reasonable inspection procedure in place that was being followed at the time of Plaintiff's fall, and that Plaintiff had equal, if not superior, knowledge of the condition that caused his fall.  Defendants also argue that they are entitled to summary judgment on Plaintiff's punitive damages claim and that Defendant McCauley should be dismissed as a party to this lawsuit.

## IV.    SUMMARY JUDGMENT STANDARD

Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing law."  FindWhat Investor Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  A dispute over such a fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  In making this determination, the court must view all of the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in that party's favor.  Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).  But, the court is bound

only to draw those inferences which are reasonable.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249–50 (citations omitted).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To satisfy this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson, 477 U.S. at 257.

## V.   ANALYSIS

In order to recover for injuries sustained in a slip and fall action, a plaintiff:

> [M]ust prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.

Hardee's Food Systems v. Green, 502 S.E.2d 738, 739 (Ga. Ct. App. 1998) (internal citation omitted).  Plaintiff does not dispute that Defendants lacked

actual knowledge of the water on the ground in the area where he fell. Accordingly, the viability of Plaintiff's claim depends upon whether there is evidence that Defendants had constructive knowledge of the hazard.

### A.  Constructive Knowledge

To establish constructive knowledge, Plaintiff must show either that (1) a Wal-Mart employee was in the immediate area of the hazard and could have easily seen the substance or (2) the alleged hazard remained on the floor long enough that ordinary diligence by Wal-Mart employees should have discovered it.  See Food Lion, LLC v. Walker, 660 S.E.2d 426, 428 (Ga. Ct. App. 2008).

In their motion for summary judgment, Defendants argue that Agnes Walker was not in a position to have easily seen and removed the hazard. "[W]hile it is true that Walker was working in the general vestibule area," Defendants note that "she is not shown in the screen shots from the security video at the time of the fall, and was not in a position to have easily seen and/or removed the water on the floor."  (Doc. 17-1, p. 11).  Plaintiff has presented no evidence to the contrary.  Plaintiff contends that Ms. Walker was "nearby" and "stated that she notice [sic] some ice had fallen out of a bag, and also some water on the floor after the Plaintiff had fallen."  (Doc. 19, p. 2).  However, there is no evidence that Ms. Walker was in the immediate area at the time Plaintiff fell, that she was aware of the hazard *prior to* Plaintiff's slip and fall, or that Ms. Walker could have easily seen the substance.

Defendants further argue that Plaintiff has failed to present evidence that the water remained on the floor long enough that ordinary diligence by Wal-Mart employees should have discovered it.  The Court disagrees.

> Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure.  In order to prevail at summary judgment based on a lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident.

Food Lion, LLC, 660 S.E. 2d at 428–29 (citation omitted).  "[I]n cases where a proprietor has shown that an inspection occurred within a brief period prior to an invitee's fall, [Georgia courts] have held that the inspection procedure was adequate as a matter of law."  Markham v. Schuster's Enterprises, 601 S.E. 2d 712, 713 (Ga. Ct. App. 2004) (citation omitted).

Here, Defendants claim that "it is undisputed that only three minutes before Plaintiff fell, [Agnes] Walker was checking her work area.  The floor was clean and dry."  (Doc. 17-1, p. 12).  Further, "a proprietor is under no duty to patrol the premises continuously in the absence of facts showing that the premises are unusually dangerous."  (Doc. 17-1, pp. 11–12) (citing Brown v. Host/Taco Joint Venture, 699 S.E.2d 439, 443 (Ga. Ct. App. 2010)).  While Plaintiff concedes that Agnes Walker was in the vicinity of the area where Plaintiff fell three minutes prior to the fall, and that she walked through the area where Plaintiff fell approximately 25 minutes prior to Plaintiff's fall, Plaintiff does not believe the area was ever properly inspected.  Specifically, Plaintiff maintains that none of the

video footage, supplied via several still shots to the Court, shows Agnes Walker "ever looking down at the floor to do a visual examination or required safety scan," of the floor where Plaintiff later slipped and fell.  (Doc. 19, p. 8).  Upon viewing the still shots and considering the parties' arguments, the Court concludes that questions of fact remain unanswered as to whether Agnes Walker was conducting reasonable inspections during the times she can be seen in the video footage.

Plaintiff also argues that, even if Agnes Walker had been following the inspection procedure at the time of Plaintiff's fall, Wal-Mart is not entitled to summary judgment because its inspection procedure is not reasonable.  Plaintiff points to the deposition of Felicia Spells, the co-manager of the Tifton Wal-Mart who was on duty at the time of Plaintiff's fall, to support his argument.  Ms. Spells admitted that the Tifton Wal-Mart does not keep logs to ensure that regular inspections occur.  (Dep. of Felicia Spells, p. 20).  She also stated that the store conducts "call-out[s] for . . . a safety sweep or something like that . . . maybe every two hours."  (Dep. of Felicia Spells, p. 21).  Otherwise, there is no set schedule for walkthroughs because associates are "constantly looking around" to ensure that the store is clean.  (Dep. of Felicia Spells, p. 19).  This is true for areas around the ice machine and the main entrance.  (Dep. of Felicia Spells, p. 22).  As a result, Plaintiff avers that there was not a reasonable inspection procedure in place at the time of Plaintiff's fall.

Defendants counter that Wal-Mart's inspection procedure requires employees to maintain a constant awareness regarding the condition of the floors, which surely qualifies as a reasonable inspection procedure. (Doc. 17-1, p. 13). The Court disagrees. A policy which requires constant awareness does not, as a matter of law, qualify as a reasonable inspection procedure. Defendants further argue that Agnes Walker inspected the area three minutes prior to Plaintiff's fall, and an inspection procedure is deemed adequate as a matter of law when the owner shows that an inspection occurred within a brief time prior to the fall. (Doc. 17-1, p. 14). However, as the Court previously concluded, questions of fact remain unanswered as to whether Ms. Walker's conduct constituted an inspection. Because Defendants cannot establish that a reasonable inspection procedure was in place and being followed at the time of Plaintiff's fall, Defendants' alleged constructive knowledge of the hazard is a matter for the jury to decide.

### B.    Plaintiff's Knowledge of Hazard

Even if Plaintiff could establish that Defendants had constructive knowledge of the hazard, Defendants argue that they are entitled to summary judgment because Plaintiff had superior knowledge of the hazard. In support of this position, Defendants contend that Plaintiff (1) saw ice on the floor near the ice machine and fell as he was walking around the ice to leave the store, and (2) fell near a caution cone which had been placed in the area to warn of potential ice or water on the floor. (Doc. 17-1, p. 12).

A review of Plaintiff's deposition convinces the Court that there are questions of fact for the jury to consider concerning Plaintiff's knowledge of the hazard.  As to the ice on the floor near the ice machine, Plaintiff noted that he observed some cubes of ice on the mat in front of the machine as he was exiting, but that he "didn't go near the ice machine" on his way out of the store.  (Dep. of Lionel Newman, p. 39).  Whether Plaintiff's observance of unmelted ice on the mat in front of the ice machine establishes Plaintiff's superior knowledge of the clear liquid on the ground at the exit is a jury question.  And, as to the caution cone warning of potential ice or water on the floor, Plaintiff stated in his deposition that he did not see a caution cone when entering the store.  (Dep. of Lionel Newman, p. 38).  Based on these disputed facts, the Court concludes that Defendants are not entitled to summary judgment based on Plaintiff's knowledge of the hazard.

### C.    Punitive Damages

Defendants have moved for summary judgment on Plaintiff's punitive damages claim, arguing that there is no evidence of malice, fraud, oppression, willful misconduct, conscious indifference, or wantonness.   Plaintiff did not address the punitive damages claim in his brief in response.   The Court concludes that the facts do not support a punitive damages claim in this case. Accordingly, this claim is dismissed.

### D.    Defendant Andrew McCauley

In accordance with the Court's discussion regarding Defendant Andrew McCauley in its order dated November 17, 2015 (Doc. 13), and because Defendant Andrew McCauley has never been properly joined or served, Defendant McCauley is dismissed as a defendant to this lawsuit.  The Clerk is directed to remove Defendant McCauley's name from the style of this case.

## VI.    CONCLUSION

For the reasons discussed, Plaintiff's Motion to Strike (Doc. 22) is **DENIED** and Defendants' Motion for Summary Judgment (Doc. 17) is **GRANTED IN PART** and **DENIED IN PART**.    Plaintiff's punitive damages claim against Defendant Wal-Mart Stores East LP is dismissed.  Defendant Andrew McCauley is dismissed as a party to this lawsuit.  All other claims may proceed.

**SO ORDERED**, this the 27th of February, 2017.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

les